UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLINA FIRST BANK, as
successor in interest by
merger to Mercantile Bank,

    Plaintiff,
v.                                  Case No. 8:09-cv-2617-T-33AEP

METRO DEVELOPMENT GROUP, LLC;
JAMES M. RYAN; ROBERT F.
GRIMSLEY; and FRANCIS F.
GRIMSLEY,

    Defendants.
_____/

**ORDER**

This matter comes before the Court sua sponte. This case was removed by Plaintiff from the Circuit Court, Thirteenth Judicial Circuit, in and for Hillsborough County, Florida pursuant to 28 U.S.C. § 1452(a), titled "Removal of claims related to bankruptcy cases," which states, "A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." See also 28 U.S.C. § 1334; FED. R. BANKR. P. 9027.

Section 1452(a) has been read to allow parties to file a Notice of Removal directly with the bankruptcy court, In re Aztec Indus., Inc., 84 B.R. 464, 468 (Bankr. N.D. Ohio

1987)(collecting cases), based on the automatic referral provisions under 28 U.S.C. § 157(a). See also Sharp Elecs. Corp. v. Deutsche Fin. Servs. Corp., 222 B.R. 259, 262-264 (Bankr. D. Md. 1998). In this case, Plaintiff removed this case to the District Court. In the Notice of Removal (Doc. # 1), Plaintiff explains:

> On or about September 19, 2008, the Bank filed a Complaint (the "Complaint") that initiated the Circuit Court Action. The Complaint seeks damages for breach of certain loan documents (the "Loan Documents") evidencing an obligation (the "Obligation") for which James M. Ryan, Metro Development Group, LLC and Robert F. and Francis F. Grimsley (the "Debtors") have in rem and/or in personam liability. On or about October 20, 2009, the Debtors filed a petition for relief under Chapter 11 of the United States Bankruptcy Code ... bearing case 8:09-bk-23717, with the Honorable Caryl E. Delano presiding.... This Court has original jurisdiction over the Circuit Court Action pursuant to 28 U.S.C. § 1334(b), and is hereby removed to this Court under provisions of 28 U.S.C. § 1452(a). The Circuit Court Action is properly removable because of its "core" relationship to the Bankruptcy Case.

(Doc. # 1 at ¶¶ 1-2, 7).

Under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." On July 11, 1984, the District Courts of the Middle District of Florida entered an

Administrative Order, 84-MISC-152, providing that all cases "arising in or related to a case under Title 11" would be transferred and referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a).

Accordingly, it is now

**ORDERED, ADJUDGED**, and **DECREED** that**:**

This case is **REFERRED** to the United States Bankruptcy Court, Tampa Division, for all further proceedings in accordance with 28 U.S.C. § 157. This case shall be assigned to the Honorable Caryl E. Delano, United States Bankruptcy Judge, as it relates to a case pending before her (8:09-bk-23717). The Clerk is directed to transfer the contents of the file to the Bankruptcy Court, terminate all pending motions and deadlines in the District Court, and close the file.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of January 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record